| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| ROSENDO GONZALEZ (SB NO. 137352)<br>GONZALEZ & ASSOCIATES, P.L.C.<br>530 S. HEWITT ST., STE. 148<br>LOS ANGELES, CA 90013<br>T: (213) 452-0070<br>F: (213) 452-0080<br><br><br>*Attorney for Plaintiff* Rosendo Gonzalez, Chapter 7 Trustee | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re: YEON WOOK LEE | CHAPTER 7 |
|---|---|
| | CASE NUMBER 2:09-bk-15614-ER |
| Debtor. | ADVERSARY NUMBER |
| ROSENDO GONZALEZ, CHAPTER 7 TRUSTEE<br><br>Plaintiff(s),<br><br>vs.<br><br>HANNAH LEE, aka HYE KYUNG KANG LEE, an individual<br><br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint.  You must also send a copy of your written response to the party shown in the upper left-hand corner of this page.  Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|

❑  **255 East Temple Street, Los Angeles**          ❑  **411 West Fourth Street, Santa Ana**

❑  **21041 Burbank Boulevard, Woodland Hills**     ❑  **1415 State Street, Santa Barbara**

❑  **3420 Twelfth Street, Riverside**

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference.  Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval.  The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By: _____
*Deputy Clerk*

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*Revised December 1998 (COA-SA)*                                    **F 7004-1**

Summons and Notice of Status Conference - *Page 2*          **F 7004-1**

| In re YEON WOOK LEE | CHAPTER 7 |
|---|---|
| Debtor. | CASE NUMBER 2:09-bk-15614-ER |

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF _____

1. I am employed in the County of LOS ANGELES _____, State of California. I am over the age of 18 and not a party to the within action. My business address is as follows:
   530 S. HEWITT ST, SUITE 148, LOS ANGELES, CA 90013

2. ☒ **Regular Mail Service:** On _____, I served the foregoing Summons and Notice of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, on the Defendant(s) at the following address(es) by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at LOS ANGELES _____, California, addressed as set forth below.

3. ☐ **Personal Service:** On _____, personal service of the foregoing Summons and Notice of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, was made on the Defendant(s) at the address(es) set forth below.

4. Defendant(s) and address(es) upon which service was made:

☐ Names and Addresses continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:

GABRIELA GARCIA
_____          _____
*Type Name*                                              *Signature*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*Revised December 1998* (COA-SA)          **F 7004-1**

FORM B104  (08/07)                                                                2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS ROSENDO GONZALEZ, CHAPTER 7 TRUSTEE | DEFENDANTS HANNAH LEE, aka HYE KYUNG KANG LEE |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Gonzalez & Associates, PLC 530 S. Hewitt St., Suite 148, Los Angeles, CA 90013 (213) 452-0070 | **ATTORNEYS** (If Known) |

| PARTY (Check One Box Only) ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor    ☐ Other ☑ Trustee | PARTY (Check One Box Only) ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor    ☑ Other ☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT TO RECOVER PROPERTIES OF THE ESTATE PURSUANT TO 11 U.S.C. § 541 [BREACH OF CONTRACT]

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**

☐ 11-Recovery of money/property - §542 turnover of property

☐ 12-Recovery of money/property - §547 preference

☐ 13-Recovery of money/property - §548 fraudulent transfer

☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**

☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**

☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims

☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud

☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**

☐ 61-Dischargeability - §523(a)(5), domestic support

☐ 68-Dischargeability - §523(a)(6), willful and malicious injury

☐ 63-Dischargeability - §523(a)(8), student loan

☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)

☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**

☐ 71-Injunctive relief – imposition of stay

☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**

☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

☐ 01-Determination of removed claim or cause

**Other**

☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.

☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

FORM B104 (08/07), page 2                                                    2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR** <br> YEON WOOK LEE | **BANKRUPTCY CASE NO.** <br> 2:09-bk-15614 | |
| **DISTRICT IN WHICH CASE IS PENDING** <br> CENTRAL | **DIVISIONAL OFFICE** <br> LOS ANGELES | **NAME OF JUDGE** <br> E. ROBLES |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**

/s/ Ron Reitshtein

| **DATE** <br> 12/28/10 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> RON REITSHTEIN |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

ROSENDO GONZALEZ (State Bar No. 137352)
RON REITSHTEIN (State Bar No. 269988)
GONZALEZ & ASSOCIATES
A Professional Law Corporation
530 S. Hewitt St., Ste. 148
Los Angeles, California 90013
Telephone (213) 452-0070
Facsimile (213) 452-0080
E-mail: rossgonzalez@earthlink.net

Counsel for Rosendo Gonzalez,
Chapter 7 Trustee and Plaintiff

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>YEON WOOK LEE,<br><br>            Debtor.<br>_____<br><br>ROSENDO GONZALEZ, CHAPTER 7<br>TRUSTEE,<br><br>            Plaintiff,<br><br>v.<br><br>HANNAH LEE, aka HYE KYUNG<br>KANG LEE, an individual,<br><br>            Defendant.<br>_____ | Bk. No. 2:09-bk-15614-ER<br>        [Chapter 7]<br><br><br><br><br><br>Adv. No. _____<br><br><br>COMPLAINT TO RECOVER PROPERTIES<br>OF THE ESTATE PURSUANT TO 11<br>U.S.C. § 541 [BREACH OF<br>CONTRACT]<br><br>DATE: [Hearing to be set]<br>TIME:<br>PLACE: |

     Rosendo Gonzalez, the Chapter 7 trustee in this bankruptcy case and the plaintiff in this adversary proceeding (the "Trustee" or the "Plaintiff"), respectfully represents and alleges as follows:

///

///

P:\home\2973\2973.005.complaint.wpd
12/28/10 RG

## JURISDICTION AND VENUE

1. This adversary proceeding arises in and relates to bankruptcy case number 2:09-bk-15614-ER, *In re Yeon Wook Lee*, which is presently pending before the United States Bankruptcy Court for the Central District of California, Los Angeles Division.

2. This bankruptcy case was commenced by Yeon Wook Lee (the "Debtor") filing a voluntary petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, on March 11, 2009.

3. Plaintiff is Rosendo Gonzalez, the duly appointed and acting Chapter 7 trustee in this case.

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

5. Venue is proper in this district pursuant to 23 U.S.C. § 1409.

6. This action is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (H) and (O). This Court can and should enter a final judgment herein.

7. The Trustee has learned that defendant Hannah Lee, aka Hye Kyung Kang Lee, is a resident of the City of Los Angeles in the State of California (the "Defendant").

8. The Trustee conducted the initial meeting of the creditors on April 8, 2009. The meeting was continued through May 14, 2010, for the Debtor to produce documents.

///

///

P:\home\2973\2973.005.complaint.wpd
12/28/10 RG                            -2-

9.   In amended Schedule "B," the Debtor represented that she had made a personal loan to the Defendant in the principal sum of $60,000.

10.   In Schedule "F," the Debtor identified unsecured debts in the collective amount of $90,096.11.

11.   At the meeting of creditors in this case, the Debtor confirmed that the Defendant has not paid any part of the sum of $60,000 owing to the Debtor.   However, the Debtor actually stated that the amount was $90,000 [not $60,000].

12.   In that respect, the Debtor provided a declaration stating, under the penalty of perjury, that from the period of October 20, 2007, to June 15, 2008, she had lent the Defendant approximately $90,000 from the Debtor's lines of credit for the Defendant to pay business expenses.   A copy of the Debtor's declaration is attached hereto and incorporated herein as Exhibit "1."

13.   Apparently, the Debtor and the Defendant entered into an oral agreement, evidenced by the statements from the financial institutions, for the Defendant to use the Debtor's credit and lines of credit to obtain funds to pay the Defendant's expenses relating to the operation of a business; the agreement was for the Defendant to pay back these debts.

14.   However, and as evidenced by the Debtor's Schedule "F," the Defendant failed to pay back the funds received from the Debtor.

15.   On or around October 15, 2009, the Trustee sent a demand letter to the Defendant regarding the funds owed to Debtor and requesting that the loans be repaid to the bankruptcy estate

P:\home\2973\2973.005.complaint.wpd
12/28/10 RG                          -3-

of the Debtor (the "October 15th Letter").  A copy of the Trustee's October 15th Letter is attached hereto and incorporated herein as Exhibit "2."

16.   The Defendant failed to respond to the Trustee's October 15th Letter.

17.   On or about August 12, 2010, the Trustee's law clerk sent a follow-up letter to the Defendant demanding that the funds be returned to the Debtor's bankruptcy estate (the "August 12th Letter).  A copy of the August 12th Letter is attached hereto and incorporated herein as Exhibit "3."

18.   The Defendant has similarly failed to respond to the August 12th Letter.

## FIRST CAUSE OF ACTION

**(To Recover Property Of Estate - 11 U.S.C. § 541 -**

**To Recover Property Of The Estate For**

**Breach of Contract Against The Defendant)**

19.   Plaintiff repeats the allegations in paragraphs 1 through 7 with the same effect as if set forth here.

20.   As a proximate and direct result of the Defendant's failure to repay the loan, the Debtor's estate has suffered damages in the principal amount of $90,000.00.

21.   By virtue of 11 U.S.C. § 541, the Trustee is entitled to recover from the Defendant the $90,000 owing to the Debtor's estate, together with interest thereon as the law may allow.

///

///

P:\home\2973\2973.005.complaint.wpd
12/28/10 RG                                    -4-

WHEREFORE, the Trustee prays for judgment against the Defendant as follows:

1.   On the First Cause of Action, for the recovery of property of the estate under Section 541 of the Bankruptcy Code;

2.   For costs of suit incurred herein; and

3.   For such other and further relief as the Court may deem just and proper.

Dated:   December 28, 2010         GONZALEZ & ASSOCIATES
                                   A Professional Law Corporation


By: _____
      RON REITSHTEIN
      Counsel for Rosendo Gonzalez,
      Chapter 7 Trustee and Plaintiff

P:\home\2973\2973.005.complaint.wpd
12/28/10 RG                          -5-

**Exhibit "1"**

Declaration

From October 20, 2007 to June 15, 2008, I lent Hye Kyung Kang Lee in the amount of approximately $90,000.   I used my line of credits and credit cards to loan her the funds.   Lines of credits were with Wells Fargo, Citi, Bank of America, and U.S. Credit line.    The credit cards I used  were from Bloomingdale, U.S. Bank card, Bank of America, and BMW card.    Ms. Lee advised me that she used the above funds for her expenses related to her business.   Her business is called Corea Natural Healing, Inc. located at 3130 W. Olympic Blvd., #340, Los Angeles, CA 90006.   She promised to pay me back within nine months.   However, she has failed to pay me back.

I declare under penalty of perjury under the laws of U.S. that the foregoing is true and correct.   Executed on May 15, 2009 in Los Angeles, CA.


Lee, Yeon Wook

**Exhibit "2"**

# Gonzalez & Associates

A Professional Law Corporation

515 S. Figueroa St., Ste. 1970
Los Angeles, CA 90071
(T) 213-452-0070
(F) 213-452-0080
e-mail: rossgonzalez@earthlink.net
Trustee Dept. 213-452-0071

June 1, 2009

**Rosendo Gonzalez**

(bankruptcy and
commercial law;
business litigation)
- also admitted in Texas

**Lazaro Fernandez**
— Of Counsel

(bankruptcy and business law)
- also admitted in Florida

**Joaquin Talleda**
— Of Counsel

(corporate and immigration law;
bond work)

_____

**Mireya Gonzalez**
— Trustee Administrator

Hye Kyung Kang Lee
Corea Natural Healing, Inc.
3130 W. Olympic Blvd., #340
Los Angeles, CA 90006

> Re:   Yeon Wook Lee
>        USBK No. 2:09-bk-15614-ER

Dear Ms. Lee:

I am the duly appointed Chapter 7 trustee in the bankruptcy estate of Yeon Wook Lee (the "Debtor").

Ms. Lee indicated that between October 20, 2007 and June 15, 2008, she made several loans to you in the collective amount of $90,000. However, and for whatever reason, you have not paid the loans.

As the Chapter 7 trustee, I am authorized pursuant to Section 541 of the Bankruptcy Code to collect said funds. As such, this letter will serve as a formal demand letter that if said funds are not paid within thirty (30) days of this letter, I will have no other alternative but to commence a lawsuit against you.

Time is of the essence.

Very truly yours,

Rosendo Gonzalez

RG/rg/2080

**Exhibit "3"**



# Gonzalez & Associates

A Professional Law Corporation

530 South Hewitt Street, Ste. 148
Los Angeles, CA 90013
(T) 213-452-0070
(F) 213-452-0080
e-mail: rossgonzalez@earthlink.net
www.los-angeles-business-law.com

August 12, 2010

**Rosendo Gonzalez**

(bankruptcy and
commercial law;
business litigation)
- also admitted in Texas

**Lazaro Fernandez**

— Of Counsel

(bankruptcy and business law)
- also admitted in Florida

**Joaquin Talleda**

— Of Counsel

(corporate and immigration law;
bond work)

**Mireya Gonzalez**

— Trustee Administrator

Hye Kyung Kang Lee
Corea Natural Healing, Inc.
3130 W. Olympic Blvd., #340
Los Angeles, CA 90006

    Re:  Yeon Wook Lee
        USBK No. 2:09-bk-15614-ER

Dear Ms. Lee:

I am a law clerk for Rosendo Gonzalez, the duly appointed Chapter 7 trustee in the bankruptcy estate of Yeon Wook Lee (the "Debtor").

On or about October 15, 2009, Mr. Gonzalez wrote a letter to you regarding the several loans that the Debtor made to you between October 20, 2007 and June 15, 2008. However, you failed to respond to Mr. Gonzalez's letter.

The Debtor indicated that the collective amount that she had lent to you was approximately $90,000. Apparently, and until this time, you have not repaid any of the loans. These funds are properties of the Debtor's bankruptcy estate and as such are due and owing to the estate.

As the Chapter 7 trustee, Mr. Gonzalez is authorized pursuant to Section 541 of the Bankruptcy Code to collect said funds. As such, this letter will serve as a formal demand letter that if said funds are not paid within fifteen (15) days of this letter, he will have no other alternative but to commence a lawsuit against you.

Time is of the essence.

        Very truly yours,

        Ron Reitshtein

RG/rg/2973